UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLEOFE ANA PABLO CINDASS | CIVIL ACTION |
| VERSUS | NO.  06-6267 |
| ALLSTATE INSURANCE COMPANY, ET AL. | SECTION  "N"  (1) |

**ORDER AND REASONS**

Before the Court is Allstate Insurance Company's **Motion for Summary Judgment (Rec. Doc. No 14)**.  After reviewing the memoranda of the parties and the applicable law, this Court finds that this motion has merit and is therefore granted.

**I.**      **Factual Background and Procedural History**

Plaintiff Cleofe Cindass (hereinafter, "Cindass" or "Plaintiff") has sued Allstate Insurance Company (hereinafter,"Allstate") and two adjusters[1] to recover for wind damage to her home, located at 2812 Bayou Teche Drive in Marrero, Louisiana, sustained during Hurricane Katrina. Plaintiff's Allstate homeowner's policy, which was in effect at the time of Hurricane Katrina, contained the following exclusion:

## **Windstorm or Hail Exclusion** -

For a reduction in premium:

---

[1]      On October 26, 2007, this Court, without opposition, dismissed Plaintiff's claims against the two adjusters, based upon failure to state a claim upon which relief can be granted.

1

> **We** do not cover any losses to any property covered by this policy caused by or consisting of Windstorm or Hail. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> **We** do cover sudden and accidental direct physical loss caused by fire or explosion resulting from Windstorm or Hail.
>
> This exclusion does not apply to **Section I - Your Property**, **Additional Protection** coverage, item 1.a) and 1.c) under **Additional Living Expense**.
>
> All other policy conditions and provisions apply.

(Exhibit A to Defendant's motion for summary judgment). Based on the above exclusion, Allstate filed a motion for summary judgment, arguing that Plaintiff's homeowners policy did not cover wind damage.

## II.    Law and Analysis

### A.    Legal Standard - Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

Initially, the movant bears the burden of demonstrating the absence of material fact issues. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993). The movant is not required, however,

to negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citing *Celotex*, 477 U.S. at 323). If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325. If the movant meets his burden, the burden then shifts to the nonmovant, who, to avoid summary judgment, must go beyond the pleadings and designate specific facts that show that there is a genuine issue for trial. *Little*, 37 F .3d at 1075 (citing *Celotex*, 477 U.S. at 325). Of course, unsubstantiated assertions do not constitute competent summary judgment evidence. *Abbott*, 2 F.3d at 619 (citing *Celotex*, 477 U.S. at 324).

Before granting a motion for summary judgment, the district court must be satisfied that no reasonable trier of fact could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 249; *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (stating that "the facts and inferences [must] point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict"). In determining whether a material issue of fact exists, the evidence and all inferences drawn therefrom must be considered in the light most favorable to the non-moving party. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir.2005) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir.2005)).

B.      The Windstorm Exclusion

As explained above, Allstate claims that Plaintiff's wind damages were excluded from coverage under her homeowner's policy.  Plaintiff, on the other hand, acknowledges the existence of a windstorm exclusion, but argues that terms were ambiguous and are thus unenforceable.

When it comes to contractual disputes, the issue of whether an insurance contract provision is clear, unambiguous, and enforceable is a question of law for the Court to decide. See *Hardy v. Ducote*, 2005 WL 1719206, at *2 (W.D. La. July 21, 2005). The provisions of an insurance policy are interpreted in accordance with the law of the state in which the policy was delivered. See *Thermo Terratech v. GDC Enviro-Solutions, Inc.*, 265 F.3d 329, 334 (5th Cir. 2001) (citing *Adams v. Unione MediterraneA Di Sicurta*, 220 F.3d 659, 677 (5th Cir. 2000). Under Louisiana law, interpretation of a contract is the determination of the common intent of the parties. La. Civ. Code art. 2045. Additionally, the Court must interpret each provision in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. Civ. Code art. 2050. In doing so, courts will construe the terms of the insurance policy according to their "general, ordinary, plain, and proper meaning ... unless [they] have acquired a technical meaning." *Thermo Terratech*, 265 F.3d at 334. However, in situations where the insurance policy is clear, the policy must be enforced as written. *Id.* The reasoning behind this is that "[a]n insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by the terms or as to achieve an absurd conclusion. *Carrier v. Reliance Ins. Co.*, 759 So.2d 37, 43 (La. 2000).

If, however, the language in the contract is ambiguous, it must be construed against the drafter of the policy. *Sharp v. Fed. Savings & Loan Ins. Corp.*, 858 F.2d 1042, 1044-45 (5th Cir. 1988) (citing *Moncrief v. Blue Cross-Blue Shield*, 472 So.2d 299, 300 (La. Ct. App. 1985)). "A contract is ambiguous if, after applying the established rules if contract interpretation, the contract is uncertain as to the parties' intent and susceptible to more than one reasonable interpretation." *In Re Liljeberg Enter., Inc.,* 304 F.3d 410, 440 (5th Cir. 2002). The Fifth Circuit has explained that,

4

"[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Henry v. Allstate Ins. Co.*, 2007 WL 2287817 (E.D. La. 2007) (citing *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir, 2002).  Although policy exclusions are strictly construed, the courts will not "strain to find an ambiguity in the policy where none exists." *Travelers Indem. Co. v. Powell Ins. Co.*, 1996 WL 578030, *3 (E.D. La. Oct. 4, 1996).

Specifically, Allstate argues that the windstorm exclusion provision excludes from coverage property damage due to wind, but allows coverage for additional living expenses and civil authority evacuations.  In support of this assertion, Allstate acknowledges that it paid Plaintiff $2,760 for civil authority evacuation and offered to pay for a trailer for 12 months, but was advised by Cindass that she did not want a trailer and was, instead, opting to live with extended family in California.  (See Exhibit B to Defendant motion for summary judgment).   In opposition, Cindass, who is a native of the Philippines and whose primary language is Tagalog, claims she has difficulty with the English language.  Cindass claims that the policy exclusion at issue in this case is vague and ambiguous and does not clearly define what sections are not covered by the policy. Specifically, Cindass asserts that it is not clear whether the provision addresses a series of four sections or merely sections 1(a) and 1(c) of one section.  The specific provision to which Cindass refers states in pertinent part:

> This exclusion does not apply to **Section I - Your Property**, **Additional Protection** coverage, item 1.a) and 1.c) under **Additional Living Expense**.

(Exhibit A to Defendant's motion for summary judgment).  Cindass claims the vagueness of this provision is further exacerbated by that fact that Allstate separated the headings by commas, which Plaintiff asserts creates a list of sections not covered by the windstorm exclusion.

The Court is not persuaded by Cindass's argument.  When the provision is read in the context of the entire policy, as required, the windstorm exclusion clearly and unambiguously applies to "any

losses to any property covered by this policy caused by or consisting of Windstorm or Hail" except losses set forth in items 1.a) and 1.c) under "Additional Living Expense", which is located in the "Additional Protection" section of "Section I - Your Property".  (See Exhibit A to Defendant's motion for summary judgment, pp. 5-14).  The commas were used by Defendant not to create a list of four separate sections to which the exclusion does not apply, but to set forth the various sections of the policy wherein items 1.a) and 1.c) can be found.  To read the provision as Cindass asserts, the windstorm exclusion does not apply to "Section I - Your Property" and several other sections. However, the other sections listed after "Section I - Your Property" are all within that section. Thus, while this is another interpretation of the provision, it is not a *reasonable* one.  Because the insurance policy here is clear, the policy must be enforced as written.[2]  Accordingly,

    **IT IS ORDERED** that the  **Motion for Summary Judgment (Rec. Doc. No 14)** should be **GRANTED** for the reasons stated above.

    New Orleans, Louisiana, this 29th day of October, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[2] The Court further notes that the fact that Plaintiff was non-English speaking, as referenced in her opposition, is of no moment.  "A party who signs a written instrument, or who places his mark or allows his mark to be placed thereon, is presumed to know its contents, and he cannot avoid the obligations which may be imposed on him by that instrument merely upon a showing that he had not read it, or that he had not had it read and explained to him, or that he did not understand its provisions." *Haynsworth v. The Corporation*, 121 F.3d 956 (5th Cir. 1997) (citing *Smith v. Leger*, 439 So.2d 1203, 1206 (La. App. 1st Cir.1983)).